UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

METROPOLITAN LIFE INSURANCE
COMPANY,

                PLAINTIFF,

v.                                                        No. 2:24-cv-0300-JHR-DLM

PATRICIA PEREA, RACHEL PRINCE,
RAEYME PRINCE, RAY PRINCE JR., and
JACOB PRINCE,

                Defendants.

## ORDER DENYING MOTION FOR SUBSTITUTED SERVICE

**THIS MATTER** is before the Court on Plaintiff Metropolitan Life Insurance Company's Motion for Substituted Service. (Doc. 14.) Plaintiff requests an order authorizing service via email and regular mail on Defendant Patricia Perea pursuant to New Mexico Rule of Civil Procedure 1-004(J). (*See id.* at 3.) Having reviewed the Motion, the Court will **DENY** the motion **WITHOUT PREJUDICE** for failure to comply with NMRA 1-004(F).

Under the Federal Rules of Civil Procedure, an individual may be served in accordance with state law for serving summons in the state where the district court is located. Fed. R. Civ. P. 4(e)(1). The New Mexico Rules of Civil Procedure state that a court "[u]pon motion, without notice, *and showing by affidavit that service cannot reasonably be made as provided by this rule*, . . . may order service by any method or combination of methods . . . ." NMRA 1-004(J) (emphasis added). New Mexico Rule of Civil Procedure 1-004(F) outlines the procedure for service of process on an individual. Under NMRA 1-004(F)(1), service is permitted by personal delivery or by mail or commercial courier. If direct service to the individual or service by mail or commercial carrier is unsuccessful, service is permitted "by delivering a copy of the process to some person

residing at the usual place of abode of the defendant . . . and mailing by first class mail to the defendant at the defendant's last known mailing address . . . ." NMRA 1-004(F)(2). If service is not successful under either of the method provided for in subparagraphs (1) and (2), then service may be made at the defendant's place of business or employment. *See* NMRA 1-004(F)(3). Service may be made to the person apparently in charge at the defendant's place of business and by mailing a copy to that location and to the defendant's last known mailing address. *See id.* "Plaintiff must demonstrate that each of thee avenues were infeasible before alternative service can be permitted." *Standard Ins. Co. v. Lakey*, Civ. No. 22-664 KK/SCY, 2023 WL 402138, at *1 (D.N.M. Jan. 25, 2023) (citing *Ellis v. United States*, Civ. No. 20-971 CG/GBW, 2021 WL 1999492, at *2 (D.N.M. May 19, 2021)).

Plaintiff asserts that service has been attempted by a process server. (Doc. 14 at 2.) The Court notes, however, that there is some conflict between the motion and the affidavit of the process server in describing how service was attempted. Plaintiff's counsel states in his affidavit and in the motion that the process server attempted service twice but was unsuccessful due to a fence blocking entry to the neighborhood. (*Id.*; Doc. 14-1 at 1.) The process server avers, however, that he attempted service on three different occasions and found no residence at the address he was provided. (Doc. 14-2 at 1.) The affidavit further states he did locate a property on a different street but with the same number that had the Defendant's last name on the mailbox, but the residence appeared vacant.[1] (*Id.*)  The Court will order Plaintiff to clarify the conflicting affidavits because if the process server's account is accurate and no residence exists at Plaintiff's address, ordering service by mail will not be "reasonably calculated under all the circumstances to apprise the

---

[1] The Court notes that the letter notifying the Court of a change of address filed by Defendant Perea on June 25, 2024 (Doc. 15), lists the address the process server attempted to locate (Doc. 14-2 at 1).

2

defendant of the existence and pendency of the action and afford a reasonable opportunity to appear and defend." NMRA 1-004(J).

Regardless of which affidavit is accurate, neither the motion nor the affidavits address NMRA 1-004(F)(3), which permits service at the defendant's place of business or employment. If Plaintiff did not attempt service under subparagraph (3), it must attempt to do so before filing a motion for alternative service. As stated above, Plaintiff must establish that all three methods of service were unsuccessful, and "[a]s long as the assertions in Plaintiff's affidavit do not show that service cannot be reasonably made pursuant to [each subparagraph of] NMRA 1-004(F)[,] . . . his affidavit does not make the requisite showing" to authorize alternative service. *See Ellis*, 2021 WL 1999492, at *2; *see also Standard Ins. Co.*, 2023 WL 402138, at *1 (ordering supplementation to a motion for alternative service because "[p]laintiff's motion d[id] not address NMRA 1-004(F)(3)"). Accordingly, the Court will order Plaintiff to establish service was attempted under NMRA 1-004(F)(3) before refiling a motion for substituted service.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Substituted Service is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that:

(1) Plaintiff may refile a motion for substituted service no later than **14 days after the entry of this order**;

(2) If Plaintiff refiles the motion, it shall clarify the differing accounts in the affidavits submitted with its motion as to how service was attempted by the process server; and

(3) In such a motion, Plaintiff shall also address whether and how it attempted service in compliance with NMRA 1-004(F)(1)–(3).

**IT IS FURTHER ORDERED** that Plaintiff's deadline to serve Defendant Perea is extended to **August 2, 2024**. If Plaintiff believes additional time will be required to refile the motion, or to effectuate service in the remaining time after the Court grants the motion, it is permitted to move for an extension under Federal Rule of Civil Procedure 6(b).

**IT IS SO ORDERED**.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE