IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**METROPOLITAN LIFE INSURANCE COMPANY,**

    **Plaintiff,**

    **vs.**                                     No. 2:24-cv-00300 JCH/DLM

**PATRICIA PEREA, RACHEL PRINCE,
RAEYME PRINCE, RAY PRINCE JR., and
JACOB PRINCE,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Jacob Prince's *Amended Motion for Default Judgment* (ECF No. 29). Having considered the motion, the record, and the applicable law, the Court will deny the motion without prejudice for failing to follow Federal Rule of Civil Procedure 55(a) prior to moving for default judgment.

## BACKGROUND

On March 27, 2024, Plaintiff Metropolitan Life Insurance Company ("MetLife") brought this interpleader action to determine the lawful claimant(s) of the benefit under MetLife's Basic Term Life & Accidental Death and Dismemberment Insurance Policy, Policy Number 226340-1-G, ("the Policy"), which provided Basic Life Insurance coverage to Ray Prince, the decedent. (*See* Compl., ¶¶ 9-10, ECF No. 1; Am. Compl. ¶¶ 11-12, ECF No. 5.) MetLife amended its complaint on April 3, 2024, (ECF No. 5) and issued summons of the amended complaint to Defendants the following day. MetLife named Patricia Perea, the decedent's alleged fiancé, and Rachel Prince, Raeyme Prince, Ray Prince Jr., and Jacob Prince, children of the decedent. (*See* Am. Compl. ¶¶ 2-6, ECF No. 5.) Only Patricia Perea and Jacob Prince entered the case and filed answers claiming entitlement to the benefits. (*See* Answers, ECF Nos. 20 & 25). On May 6, 2024, MetLife filed a

*Waiver of the Service of Summons* for Raeyme[1] Prince (ECF No. 8) and for Ray Prince Jr. (ECF No. 9). On May 15, 2024, MetLife filed an *Affidavit of Service* for Rachel Prince (ECF No. 11). After depositing the proceeds into the Court's registry, MetLife moved for and was dismissed from the case. (*See* Am. Order 2, ECF No. 16; Deposit, ECF No. 17.)

On October 3, 2024, Jacob Prince filed an *Amended Motion for Default Judgment* (ECF No. 29), seeking default judgment against Rachel Prince, Raeyme Prince, and Ray Prince, Jr. According to the amended motion, entry of default judgment is appropriate because Rachel Prince, Raeyme Prince, and Ray Prince, Jr., each waived service, and they each failed to file a responsive pleading or otherwise defend the suit within 90 days. (*Id.* at 2-3.)

## **ANALYSIS**

"Rule 55 mandates a two-step process for a party who seeks a default judgment in his favor." *Williams v. Smithson*, 57 F.3d 1081, at *1 (10th Cir. June 20, 1995) (unpublished table decision). First, the moving party must obtain a Clerk's entry of default. *Id.* (citing Fed. R. Civ. P. 55(a)). Second, once the Clerk enters default, a party must apply to the court to obtain default judgment. *Id.* (citing Fed. R. Civ. P. 55(b)). The weight of authority indicates that a party must first seek entry of default by the clerk before he can move the court for default judgment. *See, e.g.*, *Watkins v. Donnelly*, 551 F. App'x 953, 958 (10th Cir. Jan. 6, 2014) (unpublished decision) ("Entry of default by the clerk is a necessary prerequisite that must be performed before a district court is permitted to issue a default judgment."); *Garrett v. Seymour*, 217 F. App'x. 835, 838 (10th Cir. Feb. 23, 2007) (unpublished decision) (rejecting argument that plaintiff was entitled to default judgment where "the clerk had not entered default under Rule 55(a), a prerequisite for the entry of

---

[1] Although the Amended Complaint uses "Raeyme", the Waiver is signed by "Rhaemy Prince." (*Compare* Am. Compl. 1-2, ECF No. 5, *with* Waiver, ECF No. 8.) For consistency, the Court will use the spelling from the Amended Complaint.

a default judgment under Rule 55(b)(1)"); *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) ("Rule 55 provides a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment."); *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) ("[E]ntry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b).").

In this case, Jacob Prince neglected to request an entry of default from the Clerk of Court before moving for default judgment. According to this District's *Guidelines for Requesting Clerk's Entry of Default and Default Judgment*, before moving for a default judgment, the party should file (1) a request for Clerk's entry of default (a/k/a Praecipe) and (2) for a default against individuals (not corporations), an affidavit of nonmilitary service, as provided for in the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C. §§ 501, *et seq.*[2] Jacob Prince has thus not followed the federal rules nor this District's procedures. Accordingly, the Court will deny Jacob Prince's amended motion for default judgment, but it will do so without prejudice to allow him to seek an entry of default from the Clerk first. Should the Clerk enter default, Mr. Prince may re-file a motion for default judgment.

**IT IS THEREFORE ORDERED** that Defendant Jacob Prince's *Amended Motion for Default Judgment* (**ECF No. 2**9) is **DENIED WITHOUT PREJUDICE**.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] The *Guidelines for Requesting Clerk's Entry of Default and Default Judgment* can be found at https://www.nmd.uscourts.gov/filing-information.