IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

METROPOLITAN LIFE
INSURANCE COMPANY,[1]

     Plaintiff,

vs.                                          No. 2:24-cv-0300 JCH/DLM

PATRICIA PEREA, RACHEL PRINCE,
RAEYME PRINCE, RAY PRINCE JR, and
JACOB PRINCE,

     Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Metropolitan Life Insurance Company's ("MetLife") Motion for Bill of Costs and Attorneys' Fees. (*See* Doc. 21.) MetLife seeks $11,560.61, comprised of $10,627.50 in attorneys' fees and $933.11 in incurred costs for bringing this interpleader lawsuit, and requests that the award be deducted from the benefits at issue in this case. (*See id.* at 1–2.) Having considered the record, submissions of counsel, and relevant law, the Court will **DENY** the motion.[2]

### I.     Relevant Background

On March 27, 2024, MetLife initiated this action in federal court, seeking discharge from all further liability and a determination of the proper beneficiary or beneficiaries under a Basic Term Life and Accidental Death and Dismemberment Insurance Policy. (*See* Doc. 1.) The policy at issue, No. 226340-1-G, provided $57,000.00 in basic life insurance coverage to the decedent.

---

[1] Plaintiff Metropolitan Life Insurance Company filed an Interpleader action on March 27, 2024, and was later dismissed from the case on May 23, 2024. (*See* Docs. 1; 13.)

[2] United States District Judge Judith C. Herrera entered an Order of Reference on July 15, 2025, referring the resolution of this motion to the undersigned Magistrate Judge "in accordance with 28 U.S.C. §636(b)(1)(A)." (Doc. 57.)

(*Id.* at 2.) The Complaint identified Patricia Perea, Jacob Prince, Rachel Prince, Raeyme Prince, and Ray Prince Jr. as potential claimants or beneficiaries of the Decedent's death benefits. (*Id.* at 3–4.)

MetLife subsequently filed a motion to interplead funds totaling $57,000.00 (plus any accrued interest) into the Court's registry, which the Court granted on May 23, 2025. (*See* Docs. 6; 13; 16.) Upon granting the motion, the Court dismissed MetLife from the case with prejudice, thereby discharging it from all further liability. (Doc. 13 at 2.)

On July 23, 2024, MetLife filed its Motion for Bill of Costs and Attorneys' Fees. (Doc. 21.) Defendants Patricia Perea and Jacob Prince oppose the motion in full or, in the alternative, request a substantial reduction in any amount awarded. (*See* Docs. 59; 63.)[3] The remaining Defendants— Rachel Prince, Raeyme Prince, and Ray Prince Jr.—have failed to answer or appear, and a motion for entry of default against them is currently pending. (*See* Doc. 62.) For the following reasons, Plaintiff MetLife's motion for an award of attorneys' fees and costs is **DENIED**.[4]

## II.    Discussion

Under federal law, the general rule is that an interpleader plaintiff who initiates the action in good faith may be entitled to recover reasonable attorneys' fees and costs incurred in bringing the interpleader action. *United States v. Chapman*, 281 F.2d 862, 870 (10th Cir. 1960). The Tenth

---

[3] On July 28, 2025, Perea filed a Memorandum in Opposition to MetLife's Motion. (*See* Doc. 59.) Shortly thereafter, Jacob Prince filed a Notice of joinder, adopting in full the arguments set forth in Perea's Memorandum. (*See* Doc. 63.) The Court refers to these two collectively as "Defendants."

[4] On September 17, 2024, United States Magistrate Judge Jerry H. Ritter stated that MetLife's motion for fees and costs would "be resolved when final judgment is issued." (Doc. 26.) Despite this directive, MetLife filed a Notice of Pending Bill of Attorney Fees and Costs on July 8, 2025, "to remind the parties and this Court that its request for fees and costs remains pending and should be considered in any disposition of the deposited amount." (Doc. 56 at 2.) Although this matter is still pending, the Court finds it may resolve this issue now, as it is the Court's opinion that no fees or costs should be awarded.

Circuit "has recognized the 'common practice' of reimbursing an interpleader plaintiff's litigation costs out of the fund on deposit with the court." *Transamerica Premier Ins. Co. v. Growney*, 70 F.3d 123, No. 94-3396, 1995 WL 675368, at *1 (10th Cir. 1995) (citing *United States Fidelity & Guar. Co. v. Sidwell*, 525 F.2d 472, 475 (10th Cir. 1975)). However, the Tenth Circuit has also recognized that "the award of fees and costs to an interpleader plaintiff, or 'stakeholder', is an equitable matter that lies within the discretion of the trial court." *Id.* (citing *Chase Manhattan Bank v. Mandalay Shores Coop. Hous. Ass'n (In re Mandalay Shores Coop. Hous. Ass'n)*, 21 F.3d 380, 382–83 (11th Cir. 1994); *Abex Corp. v. Ski's Enters.*, 748 F.2d 513, 516 (9th Cir. 1984); *United Bank of Denver, Nat'l Ass'n v. Oxford Props., Inc.*, 683 F. Supp. 755, 756 (D. Colo. 1988)).

MetLife offers no authority to support its request for attorneys' fees and costs. (*See* Doc 21.) Defendants contend that the fee award should be denied because MetLife is not a disinterested stakeholder but an interested insurer that filed the interpleader solely to avoid potential double liability. (*See* Doc. 59 at 2–3.) They further contend that the fees and costs MetLife seeks are routine expenses incurred in the ordinary course of administering life insurance claims, and that shifting those expenses onto the claimants is inequitable and would erase nearly 20 percent of the interpleaded funds. (*See id.* at 3–4.)

While a straightforward application of the general rule would award attorneys' fees and costs to MetLife, the Court must consider whether any exceptions apply and exercise its discretion accordingly. Upon examination of the facts, the Court agrees with Defendants' reasoning and will deny MetLife's motion.

Courts often allow interpleader plaintiffs to recover reasonable attorneys' fees and costs from the disputed funds. *See U.S. Fidelity & Guar. Co.*, 525 F.2d at 475. However, an "insurance company exception" has been recognized, particularly where the insurer is not a neutral

3

stakeholder but rather an interested party seeking to limit its own liability. *See Guardian Life Ins. Co. of Am. v. Cortes*, No. 16-cv-0438 KG/GJF, 2017 WL 3588425, at *2 (D.N.M. Jan. 10, 2017) (gathering cases). In *Guardian Life*, the court explained that insurers, as professional distributors of policy proceeds, should not be permitted to shift the cost of distributing those proceeds to others. *See id.* at *3 (quoting *Aetna U.S. Healthcare v. Higgs*, 962 F. Supp. 1412, 1414 (D. Kan. 1997)). The *Guardian Life* court declined to award attorneys' fees and costs to an insurer bringing an interpleader action, emphasizing that the claims were neither factually complex nor legally novel, but rather typical of disputes arising in the ordinary course of the insurer's business. *See id.* at *3–4. Other courts have similarly denied such fee requests where insurers filed interpleader actions primarily to shield themselves from liability, rather than to serve as disinterested facilitators. *See, e.g.*, *Sun Life Assurance Co. of Canada v. Thomas*, 735 F. Supp. 730, 733 (W.D. Mich. 1990) (denying attorney's fees and costs where insurer filed interpleader action to protect its own interests and where conflicting beneficiary claims were foreseeable business risks); *Life Invs. Ins. Co. of Am. v. Childs*, 209 F. Supp. 2d 1255, 1256–57 (M.D. Ala. 2002) (denying attorneys' fees and expenses because insurance companies routinely face interpleader disputes and should plan for them as a regular business cost); *Wash. Nat'l Ins. Co. v. Bennington*, No. 15-cv-0100 MLC, 2016 WL 8453416, at *4 (D. Wyo. Jan. 6, 2016) (denying attorney fees and costs because insurers should expect conflicting claims and bear the cost of resolving them as part of ordinary business); *Minn. Life Ins. Co. v. Alexander*, 694 F. Supp. 3d 733, 742 (E.D. Va. 2023) (denying fees and costs because "the costs associated with [the] interpleader action are part of [the insurer's] ordinary course of business").

Here, just as in *Guardian Life*, MetLife has made no assertion—in either the Complaint or the motion—that it "is anything other than an insurance company in a routine dispute over the

proceeds of a life insurance plan." *See Guardian Life Ins. Co. of Am.*, 2017 WL 3588425, at *3 (quoting *Life Invs. Ins. Co. of Am.*, 209 F. Supp. 2d at 1256). The facts in this case resemble those in *Guardian Life*, where the insurer simply sought the court's assistance to resolve competing claims under a standard policy, without raising any "complex or difficult legal or factual issues." *Id.* Likewise, the claims here are not complex but are the sort of routine beneficiary claims that insurers regularly address in the normal course of business. MetLife claims that one of the decedent's adult children submitted an unsigned and undated beneficiary designation form and later identified himself and his three siblings as potential claimants, while its records reflect that the most recent valid designation—executed in December 2020—named the decedent's fiancée as the sole beneficiary. (*See* Docs. 1 at 3; 5 at 4; *see also* Docs. 5-3–5-5.) Faced with this issue of competing claims, MetLife did not attempt to resolve the matter on its own, but instead turned to the Court for guidance.[5] This is the kind of routine beneficiary dispute insurers commonly face in managing life insurance policies. The Court concludes that insurance companies are better positioned than claimants to absorb litigation costs as a routine and foreseeable aspect of doing business—especially in standard beneficiary disputes.

Furthermore, even assuming that an award of attorney's fees was appropriate in this case, the Tenth Circuit has suggested that such awards in interpleader actions are "typically minor." *See Guardian Life Ins. Co. of Am.*, 2017 WL 3588425, at *4. (citing *Transamerica Premier Ins. Co.*, 1995 WL 675368, at *1). The *Guardian Life* court provides a benchmark for evaluating the reasonableness of attorneys' fees to insurance companies acting as interpleader plaintiffs, citing decisions from multiple jurisdictions where requested fee awards of 2 to 17 percent of the disputed

---

[5] In its Complaint, MetLife explains that it faces conflicting claims from "Patricia Perea, Jacob Prince, Rachel Prince, Raeyme Prince, and/or Ray Prince Jr" and cannot decide who should receive the benefits without risking litigation, extra costs, and multiple benefits payments. (*See* Doc. 1 ¶ 20.) Hence, it asks the Court to resolve the dispute. (*See id.* at 4.)

funds were deemed "not minor" and would substantially erode that fund. *See id.* (citing *Bush v. Teachers Ins. & Annuity Ass'n of Am.*, 2008 WL 1776684, at *3 (M.D. Ala.) (finding an award of fees equating to 9.5 percent of the disputed funds greatly diminish its value); *Unum Life In. Co. of Am. v. Kaleo*, 2006 WL 1517257, at *3 (M.D. Fla.) (finding an award of fees equating to 17 percent of the disputed funds greatly diminish its value); *Life Inv'rs Ins. Co. of Am.*, 209 F. Supp. 2d at 1256 (finding an award of fees equating to over 2 percent of the disputed funds not "quite minor")). Ultimately, the court in *Guardian Life* assessed the insurer's request for $7,064.25 in attorneys' fees and costs—representing approximately 20% of the life insurance benefit— and found the amount to be "not minor" and therefore unreasonable, denying the motion. *See id.*

MetLife's request of $11,560.61 would have a comparable impact, depleting one-fifth of the benefit at issue. Although MetLife submitted a declaration from counsel and billing records to support its request, the substantial size of the proposed award weighs against granting it. Awarding MetLife the full amount requested would reduce the policy proceeds by approximately 20.3% ($57,000.00 ÷ $11,560.61 = 0.20282, or 20.282%). Under *Guardian Life*'s benchmark, this amount is excessive. Because MetLife's requested award of attorneys' fees and costs is not minor and would significantly diminish the disputed benefits, the award is not justified.

## III.    Conclusion

As outlined herein, the Court concludes that the insurance exception applies in this case and, on that basis, declines to permit MetLife to recover its attorneys' fees and costs. The Court further finds that even if the exception did not apply, the requested fees and costs are excessive, and it would be inequitable to deduct any portion of these fees and costs from the disputed funds.

**IT IS THEREFORE ORDERED** that MetLife's Motion for Bill of Costs and Attorneys'
Fees (Doc. 21) is **DENIED**.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE