IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**METROPOLITAN LIFE INSURANCE COMPANY,**

      **Plaintiff,**

      **vs.**                                                           No. 2:24-cv-00300 JCH/DLM

**PATRICIA PEREA, RACHEL PRINCE,
RAEYME PRINCE, RAY PRINCE JR., and
JACOB PRINCE,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Jacob Prince's *Second Amended Motion for Default Judgment* (Dkt. No. 70). Defendant Patricia Perea joined in the motion. Notice, Dkt. No. 72. Having considered the motion, the record, and the applicable law, the Court will grant the motion for default judgment.

## BACKGROUND

On March 27, 2024, Plaintiff Metropolitan Life Insurance Company ("MetLife") brought this interpleader action to determine the lawful claimant(s) of the benefit under MetLife's Basic Term Life & Accidental Death and Dismemberment Insurance Policy, Policy Number 226340-1-G, ("the Policy"), which provided Basic Life Insurance coverage to Ray Prince, the decedent. *See* Compl., ¶¶ 9-10, Dkt. No. 1; Am. Compl. ¶¶ 11-12, Dkt. No. 5. MetLife amended its complaint (Dkt. No. 5) and issued summons of the amended complaint to Defendants the following day. MetLife named Patricia Perea, the decedent's alleged fiancé, and Rachel Prince, Raeyme Prince, Ray Prince Jr., and Jacob Prince, children of the decedent. *See* Am. Compl. ¶¶ 2-6, Dkt. No. 5. Only Patricia Perea and Jacob Prince entered the case and filed answers claiming entitlement to the benefits. *See* Answers, Dkt. Nos. 20 & 25. MetLife filed a *Waiver of the Service of Summons*

for Raeyme[1] Prince (Dkt. No. 8) and for Ray Prince Jr. (Dkt. No. 9) and an *Affidavit of Service* for Rachel Prince (Dkt. No. 11). After depositing the proceeds into the Court's registry, MetLife moved for and was dismissed from the case. *See* Am. Order 2, Dkt. No. 16; Deposit, Dkt. No. 17.

On October 3, 2024, Jacob Prince filed an *Amended Motion for Default Judgment* (Dkt. No. 29), seeking default judgment against Rachel Prince, Raeyme Prince, and Ray Prince, Jr. According to the amended motion, entry of default judgment was appropriate because Rachel Prince, Raeyme Prince, and Ray Prince, Jr., each waived service, and they each failed to file a responsive pleading or otherwise defend the suit within 90 days. *Id.* at 2-3. The Court, however, denied the amended motion without prejudice because Jacob Prince neglected to request an entry of default from the Clerk of Court before moving for default judgment or to submit affidavits of nonmilitary service, as provided for in the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C. §§ 501, *et seq.* Mem. Op. and Order 3, Dkt. No. 40.

Jacob Prince subsequently submitted Status Reports showing that neither Rachel Prince, Rhaemy Prince, nor Ray Prince were on active-duty status. *See* Status Reports, Dkt. Nos. 66-68. Jacob Prince also filed a *Request for Clerks Entry of Default* (Dkt. No. 62). The Clerk of the Court entered "the default of Defendants Raeyme Prince, Ray Prince Jr., and Rachel Prince." Clerk's Entry of Default, Dkt. No. 69.

## ANALYSIS

"Rule 55 mandates a two-step process for a party who seeks a default judgment in his favor." *Williams v. Smithson*, 57 F.3d 1081, at *1 (10th Cir. June 20, 1995) (unpublished table decision). First, the moving party must obtain a Clerk's entry of default. *Id.* (citing Fed. R. Civ. P. 55(a)). Second, once the Clerk enters default, a party must apply to the court to obtain default

---

[1] Although the Amended Complaint uses "Raeyme", the Waiver is signed by "Rhaemy Prince." (*Compare* Am. Compl. 1-2, ECF No. 5, *with* Waiver, ECF No. 8.) The Court's default judgment will therefore use "Rhaemy Prince."

2

judgment. *Id.* (citing Fed. R. Civ. P. 55(b)). The Court must enter default judgment against a party against whom a judgment for affirmative relief is sought who has failed to plead or otherwise defend, as evidenced by an affidavit or other proof. *See* Fed. R. Civ. P. 55(a). Interpleader defendants can use Rule 55 when other potential claimants fail to defend to remove parties who have no interest in the litigation. *Life Ins. Co. of North America v. Jenkins-Dyer*, Civil Action No. 08-CV-2129 KHV, 2009 WL 1559778, *1 (D. Kan. May 29, 2009).

Entry of default alone is not sufficient to enter a default judgment. *Bixler v. Foster*, 596 F.3d 751, 761-62 (10th Cir. 2010). Once a default is entered, the court must determine that it has jurisdiction. *See id.* at 761-62; *Williams v. Life Sav. and Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986) ("[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties."). "Personal jurisdiction over the defendant is required before a default judgment in a civil case may be entered." *Bixler*, 596 F.3d at 761. Service of process under Federal Rule of Civil Procedure 4 provides the mechanism by which the Court asserts jurisdiction over the person of the party served. *Hukill v. Oklahoma Native American Domestic Violence Coalition*, 542 F.3d 794, 797 (10th Cir. 2008).

This Court finds it has subject matter jurisdiction of this civil action of interpleader. *Compare* 28 U.S.C. § 1335(a) (district courts have original jurisdiction of interpleader action or value of policy of insurance is $500 or more and two or more adverse claims are of diverse citizenship and money has been deposited in registry of court); *with* Am. Compl. ¶¶ 1-9, Dkt. No. 5; Order Granting Mot. to Deposit Funds, Dkt. No. 13. *See also Wells Fargo Bank, N.A. v. Mesh Suture, Inc.*, 31 F.4th 1300, 1307 (10th Cir. 2022) ("A statutory-interpleader action requires only minimal diversity—'that is, diversity of citizenship between two or more claimants, without regard

3

to the circumstance that other rival claimants may be co-citizens.'") (quoting *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967)). Venue is also proper in this Court. *See* 28 U.S.C. § 1397 (venue proper in judicial district in which one or more of claimants reside); Am. Compl. ¶¶ 2-3, 10, Dkt. No. 1.

This Court also finds that it has personal jurisdiction over Rachel Prince, Rhaemy Prince, and Ray Prince, Jr., all of whom were properly served. Rhaemy Prince and Ray Prince each signed a *Waiver of the Service of Summons*. *See* Waivers, Dkt. Nos. 8-9. Service on Rachel Prince of the amended complaint was by leaving the documents with her 18-year-old daughter at Rachel Prince's home in California. Aff. of Service, Dkt. No. 11. Federal Rule of Civil Procedure 4(e)(2)(B) provides for service by leaving a copy of the summons and of the complaint at the individual's "dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(A).

Neither Rachel Prince, Rhaemy Prince, nor Ray Prince, Jr. responded. Accordingly, the Court finds that the request for default judgment should be granted. "A default judgment entered against a claimant in an interpleader action terminates that party's interest in the fund at issue." *State Farm Mut. Auto. Ins. Co. v. Wagnon*, 959 F. App'x 245, at *1 (10th Cir. Mar. 30, 1992) (and cited cases). Consequently, Rachel Prince, Rhaemy Prince, and Ray Prince, Jr. have forfeited their claims to any portion of the benefits under the Policy at issue in this suit.

**IT IS THEREFORE ORDERED** that

1. Defendant Jacob Prince's *Second Amended Motion for Default Judgment* (**Dkt. No. 70**) is **GRANTED** against Rachel Prince, Rhaemy Prince, and Ray Prince, Jr.

4

2. Rachel Prince, Rhaemy Prince, and Ray Prince, Jr., have no claim to any portion of the benefits under MetLife's Basic Term Life & Accidental Death and Dismemberment Insurance Policy, Policy Number 226340-1-G.

_____
SENIOR UNITED STATES DISTRICT JUDGE